IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THOMAS M. RILEY,

    Plaintiff,

-vs-

MEGAN J. BRENNAN, Postmaster General,
United States Postal Service,

    Defendant.

3:19-cv-00048-TMB

## COMPLAINT

COMES NOW, the plaintiff, Thomas M. Riley, as pro se, hereby submits this complaint under the Federal Tort Claim Act ("FTCA") pursuant to 28 U.S.C. § 1346(b)(1), and 28 U.S.C. §§ 2680(b) and (h), against Megan J. Brennan, Postmaster General, United States Postal Service in her official capacity alleging that an erroneous miscalculation of postage fees necessary for delivery of a letter plaintiff submitted to institutional mailroom for delivery to the district court was returned to him which resulted in missing a court filing deadline and an order dismissing the case for failure to prosecute. He request $13,000,000.00 in damages.

## JURISDICTION

This court has subject-matter jurisdiction over this matter pursuant to the Federal Tort Claim Act ("FTCA"), which provides subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1). The FTCA wavies the federal government's sovereign immunity, which

otherwise would prohibit state-law tort suits against the federal government. see, <u>United States v Dalm</u>, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d. 548 (1998)(discussing federal sovereign immunity). The FTCA does not entirety waive the federal government's sovereign immunity. Specifically, 28 U.S.C. § 2680(b) and (h); deprives district courts of jurisdiction over those types of claims. §(b) forecloses, "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letter or postal matter." 28 U.S.C. § 2680(b). §(h) forecloses "[a]ny claim arising out of...misrep½resentation..." 28 U.S.C. § 2680(h). In the instant case, plaintiff argues that his claim does not fall within either of these exceptions and the court has subject-matter jurisdiction over this matter. Here is how he comes to this conclusion.

First, this claim stems from the return to him by the United States Postal Service of a letter that he sent to the United States District Court, a letter that, when returned, bore writing saying, "postage due return to sender," which meant that the letter was being returned to him because of insufficient postage fees necessary for delivery. He argues that § 2680(b) does not apply because his claim arises from miscalculated postage fees which led to the plaintiff missing a court filing deadline. see, <u>Barbieri v Hartsdale Post Office</u>, 856 F.Supp 817, 818 (S.D.N.Y. 1994)(harm flowed from an allegdly erroneous postmark which led to a tax penalty). Thus, a claim based not on damages to the contents of an envelope or package but only to markings on the exterior of the envelope or package, the claim does not arises from the "negligent transmission" of mail and does not fall within § 2680(b).

-2-

Second, the plaintiff's claim is not barred by § 2680(h), which percludes claims "arising out of...misrepresentation..." 28 U.S.C. § 2680(h). He contends that his claim is based on operational, precommunication negligence. That is, if the USPS had not miscalculated the postage fees necessary for delivery of the letter, plaintiff would not have missed the court filing deadline. The Nonth Circuit in <u>Mundy v United States</u>, 983 F.2d. 950 (9th.Cir.1993) held that, "the FTCA's misrepresentation exception did not bar the claim because the claim "focuse[d] on the performance of an operational task--the processing of a requested security clearance--rather than the communication of information." <u>Id,</u> at 952. Crucially, the Court noted that "the communication was not a misrepresentation: the security clearance in fact had been denied." <u>Id</u>. This case, by contrast is "focuse[d] on the performance of an operational task--[miscalculating the postage fees] which resulted in missing the court filing deadline.

## ADMINISTRATIVE FTCA CLAIM

This court has subject-matter jurisdiction over this matter pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) because plaintiff has exhausted his administrative remedies by filing a claim under FTCA. see attachments. Attached is a declaration from Ronald Braun, Tort Claim Coordinator, Alaska District, United States Postal Service.

Therefore, for the above and foregoing reasons the court has subject-matter jurisdiction over this matter.

-3-

Case 3:19-cv-00048-TMB   Document 1   Filed 02/25/19   Page 3 of 5

## FACTS

On or about September 12, 2016, plaintiff submiited a letter addressed to the united states district court for the District of Alaska to institutional mailroom officials at the Federal Correctional Institution Oxford, Oxford, Wisconsin for delivery. On or about September 27, 2016, the letter was returned to him by the USPS with writing saying "postage due return to sender." The next day the plaintiff re-sent the letter without adding any additional postage fees, but the court ordered that he missed the deadline for filing and dismissed the case.

Plaiintiff request damages in the amount indicated in the Form 95 Claim for Damages against USPS, and for such other and further relief as may be just and equitable.

WHEREFORE, for the above and foregoing reasons the court should grant the requested relief for reasons consistent with the above.

Respectfully submitted this 20 day of February, 2019.

Thomas M. Riley, Pro Se
Reg. No. 24186-044
FMC Rochester
PMB 4000
Rochester, Minnesota, 55903

Thomas M. Riley
24186-044 (2-2)
Federal Medical Center
PMB 4000
Rochester, Mn 55903

⇔24186-044⇔
Clerk Of The Court
U.S. Dist. Ct. DAK, Box 4
222 W 7TH AVE
Anchorage, AK 99513-7564
United States

Legal Mail

FEDERAL MEDICAL CENTER
PO BOX 4600
ROCHESTER, MN 55903-4600
DATE 2-20-19

The enclosed letter was processed through special mail procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question of problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Legal Mail