IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

THOMAS M. RILEY,

                  Plaintiff,

          v.

MEGAN J. BRENNAN,
POSTMASTER GENERAL
UNITED STATES POSTAL
SERVICE

                  Defendant.

Case No. 3:19-cv-00048-TMB

## ORDER OF DISMISSAL

Self-represented prisoner Thomas M. Riley filed a complaint against Megan J. Brennan, the United States Postmaster General, in her official capacity on February 25, 2019.[1] Mr. Riley raises two claims under the Federal Tort Claims Act, 28 USC §1346 ("FTCA"). Because Mr. Riley references the FTCA, the Court interprets his claims to be against the United States. Mr. Riley also raises four claims alleging violations of his constitutional rights.[2] Mr. Riley alleges that his rights were violated by denying his access to the court under the First Amendment,

---

[1] Docket 1 at 1.

[2] Docket 1-1 at 5. These constitutional claims were raised as part of Mr. Riley's original FTCA action, which is attached to the Complaint. Under the principles of liberal construction for pro se litigants, the Court construes these allegations as part of the Complaint, and will thus address these constitutional claims as well as the FTCA claims in this Order in the interest of judicial economy.

1

his procedural due process right under the Fifth Amendment, and his substantive due process right under the Fifth Amendment.[3] Mr. Riley also claims that he suffered "atypical and significant hardship" that is a violation of his Eighth Amendment right.[4]

The Complaint alleges that on September 12, 2016, the USPS breached its contractual duty to Mr. Riley by erroneously returning a letter that Mr. Riley mailed due to an underpayment of postage fees.[5] Alternatively, Mr. Riley also asserts that USPS fraudulently misrepresented the amount of postage required to deliver the letter that was eventually returned to Mr. Riley.[6] Mr. Riley alleges that the letter that he attempted to mail contained a motion for a new trial that challenged Mr. Riley's criminal conviction in a prior case.[7] This motion was later dismissed because it was untimely.[8] Mr. Riley argues that he was injured by the failure of the

---

[3] Docket 1-1 at 5.

[4] Docket 1-1 at 5.

[5] Docket 1 at 2.

[6] Docket at 3.

[7] Docket at 4.

[8] The court takes judicial notice of the fact the motion was dismissed for failure to prosecute. *See United States v. Riley*, 3-09-cr-00047-TMB-1 at Docket 415 (Order Denying Motion to Alter Judgment under Rule 59(e)). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in

2

post office to deliver his letter.[9] Mr. Riley also claims that because his motion was dismissed, his constitutional rights to access the court and to due process were violated.[10] Mr. Riley further claims that due to his subsequent imprisonment, he now suffers "atypical and significant hardship" which is a violation of his Eighth Amendment rights.

For relief, Mr. Riley seeks $13,000,000.00 in damages.[11]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[12]

---

another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[9] Docket at 1.

[10] Docket 1-1 at 5.

[11] Docket 1 at 1.

[12] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[13] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

## DISCUSSION

Mr. Riley alleges claims against the United States Postal Service under the Federal Tort Claims Act (FTCA), in addition to raising several constitutional claims. Mr. Riley's FTCA claims are expressly barred by the language provisions of that statute. Additionally, Mr. Riley's constitutional claims serve to collaterally attack his conviction, and are barred by the "favorable termination rule" of *Heck v. Humphrey*.

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[15] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

4

Accordingly, Mr. Riley's claims fail to state a claim upon which relief may be granted, amendment is futile, and therefore must be dismissed with prejudice.

## The Federal Tort Claims Act

Mr. Riley brings claims under the FTCA against the United States for injury resulting from a failure to deliver a letter on time. In general, the United States cannot be sued because it has sovereign immunity.[16] However, if the United States waives its sovereign immunity a lawsuit may proceed against it.[17] The FTCA operates as a limited waiver of sovereign immunity that allows for a plaintiff to bring certain tort claims against the United States for the actions of its employees.[18] The FTCA does not waive sovereign immunity in all circumstances; the statute identifies several exceptions where the FTCA does not apply. For those exceptions, the United States retains its sovereign immunity and cannot be sued under the FTCA.[19]

One such exception to the FTCA is a provision stating that that the United States cannot be sued for matters involving "the loss, miscarriage or negligent transmission of letters or postal matter."[20] Another exception to the FTCA is that

---

[16] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[17] *Id.*

[18] *Dolan v. United States*, 546 U.S. 481, 484 (2006).

[19] *Dolan*, 546 U.S. at 485.

[20] 28 U.S.C. § 2680(b).

5

the United States does not waive sovereign immunity for "any claim arising out of . . . misrepresentation[.]"[21] Mr. Riley argues that his claims should go forward despite these exceptions. Mr. Riley points to two cases to argue that the FTCA's exceptions should not apply to his claims and that the Court has subject matter jurisdiction over this action.[22]

The first case that Mr. Riley relies on addresses the exception to the FTCA for the "negligent transmission of letters."[23] In *Barbieri v. Hartsdale Post Office*, the plaintiff was charged a fee for filing his taxes late because the post office had marked the exterior of the envelope with the incorrect mailing date.[24] The *Barbieri* court held that the injury in question resulted from negligence in applying an external marking to the letter, and that the application of the marking was not the same as "transmission" of a letter as described in the exception to the FTCA's waiver of sovereign immunity.[25] Mr. Riley argues that because his letter was returned with an external marking (a stamp that read "postage due return to sender"), that the exception to the waiver of sovereign immunity should not apply

---

[21] 28 U.S.C. § 2680(h).

[22] Docket 1 at 2.

[23] 28 U.S.C. § 2680(b).

[24] *Barbieri v. Hartsdale Post Office*, 856 F.Supp 817, 818 (S.D.N.Y. 1994).

[25] *Barbieri*, 856 F.Supp. at 819.

as in *Barbieri*.[26] However, the facts of Mr. Riley's complaint differ significantly from those in *Barbieri*. The negligence arising in *Barbieri* resulted from the negligent application of an external mark to a letter.[27] In contrast, the negligence that Mr. Riley alleges was the alleged improper weighing of his letter that caused it to be returned. The external marking on Mr. Riley's letter was not the cause of his injury; instead, the injury that Mr. Riley alleges was caused by the failure to properly deliver his letter, or the 'negligent transmission' of his letter.

In addition, *Barbieri* is not controlling precedent. The Supreme Court has ruled that the negligent transmission exception to the FTCA is limited to "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address."[28] The injuries that Mr. Riley alleges result from his letter arriving either late (after a deadline) or from arriving at the wrong address (when it was returned to Mr. Riley), both of which would fall within the negligent transmission exception to the FTCA.

For these reasons, the Court finds that this exception to the FTCA's waiver of sovereign immunity still applies to Mr. Riley's claims. Mr. Riley is not able to sue the United States, or the United States Postal Service, for damages resulting from the late delivery of his letter because the United States has not waived its

---

[26] *Id.*

[27] *Id.* at 820.

[28] *Dolan*, 546 U.S. at 481.

7

sovereign immunity. The Court therefore does not have subject matter jurisdiction over Mr. Riley's claims for negligent transmission.

Mr. Riley also raises a claim of misrepresentation against the United States Postal Service. Mr. Riley argues that the exception to the waiver of sovereign immunity for claims of misrepresentation does not apply because of the precedent set in *Mundy v. United States*.[29] In *Mundy*, the plaintiff lost his job after a background check was conducted by the FBI.[30] During the background check, the FBI misplaced a document that should have been in his file; the plaintiff was unable to pass the background check without that missing file.[31] The *Mundy* court held that the misrepresentation exception did not apply to the FBI because they did not intentionally make a misrepresentation.[32] The *Mundy* court found that the injuries the plaintiff suffered were a result of the FBI's negligence, and were not claims for misrepresentation.[33] Thus, the exception to the waiver of sovereign immunity for misrepresentation did not apply.[34] Mr. Riley has asserted a claim for

---

[29] *Mundy v. United States*, 983 F.2d 950, 953 (9th Cir. 1993).

[30] *Mundy*, 983 F.3d. at 951.

[31] *Id.*

[32] *Mundy*, 983 F.3d at 953.

[33] *Id.*

[34] *Id.*

misrepresentation that he argues is not barred by sovereign immunity due to the *Mundy* precedent.

*Mundy* is not applicable to Mr. Riley's case: Mr. Riley's claim is for misrepresentation, and—unlike in *Mundy*[35]—nothing in the Complaint suggests that Mr. Riley's claim can be construed as a claim for negligence, nor does Mr. Riley assert any other tort that would fall within the FTCA. The United States has not waived its sovereign immunity under the FTCA for misrepresentation claims; therefore, the Court lacks subject matter to hear Mr. Riley's claims. Because the Court lacks subject matter jurisdiction, the claims are dismissed with prejudice.

## Constitutional Claims

Mr. Riley also asserts four claims against the United States Postal Service for violations of his constitutional rights.[36] Mr. Riley states that his First Amendment right to have access to the courts, his Fifth Amendment right to substantive due process, and his Eighth Amendment rights were all violated.[37] The same facts relevant to Mr. Riley's tort claims provide the factual basis for his constitutional claims.[38]

---

[35] *Id.*

[36] Mr. Riley's asserted these claims in his initial FTCA claim. *See* Docket 1-1 at 5.

[37] Docket 1-1 at 5.

[38] *Id.*

### 1. First Amendment – Access to the Courts

Under certain limited circumstances, a plaintiff may bring a legal action for monetary damages against a federal officer who, while acting under the color of law, violated that plaintiff's constitutional rights.[39] These actions are commonly known as *Bivens* actions because of the Supreme Court case in which they were first recognized.[40] *Bivens* actions were not created by Congress through a statute, but adopted by federal courts "under general principles of federal jurisdiction."[41] Because of this, limits on the context in which *Bivens* claims are available is also defined by courts.[42]

Importantly, not all constitutional violations can form the basis of a *Bivens* claim. To date, the Supreme Court has only allowed *Bivens* actions in three broad contexts: for a warrantless search that violates the Fourth Amendment,[43] for gender discrimination that violates the Fifth Amendment,[44] and for the denial of medical care to a prisoner that violates the Eighth Amendment.[45] The Supreme

---

[39] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[40] *Id.* at 397.

[41] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

[42] *Id.*

[43] *Bivens*, 403 U.S. 388

[44] *See Davis v. Passman*, 422 U.S. 228 (1979).

[45] *See Carlson v. Green*, 446 U.S. 14 (1980).

10

Court has also stated that it is unlikely to expand *Bivens* further to any new types of claims.[46] Thus, the Supreme Court has also instructed federal courts that, in most circumstances, a plaintiff may only bring a *Bivens* action if the violation they are asserting arises in a context for which the Supreme Court has already recognized *Bivens* claims can proceed.[47]

Mr. Riley's first constitutional claim asserts that he was denied access to the court in violation of his First Amendment rights.[48] The Supreme Court has never recognized a *Bivens* action for alleged First Amendment violations.[49] And, the Ninth Circuit has specifically declined to extend *Bivens* to allow a cause of action for the denial of access to the courts.[50] In addition, the Court notes that much of the same reasoning the Ninth Circuit followed in declining to recognize a *Bivens* claim for denial of access to the courts also applies to Mr. Riley's claim for two reasons. First, generally, courts should not extend *Bivens* when an alternative

---

[46] *Ziglar*, 137 S. Ct. at 1857 (citing *Iqbal*, 556 U.S. at 675 and *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

[47] *Ziglar*, 137 S. Ct. at 1854 (establishing that when deciding whether to recognize a *Bivens* claim in a new context, the Supreme Court has looked to whether there are any "special factors counseling hesitation," and whether "Congress has provided an alternative remedy.").

[48] Docket 1-1 at 5.

[49] *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018).

[50] *Vega*, 881 F.3d at 1155.

avenue for relief is available.[51] Second, for any denial of access to the courts claim to proceed, the complaint must show that the underlying cause of action (*i.e.*, the claim that would have been made in court that was denied) is arguable and non-frivolous.[52]

Although Mr. Riley does not fully describe his constitutional claims in his Complaint,[53] his First Amendment claim arises from the same set of facts as his tort claims—namely, the fact that his returned letter contained a motion for a new trial that was subsequently denied.[54] The Court takes judicial notice of the fact that Mr. Riley has persistently challenged his conviction through many avenues,[55] all of which have proven unsuccessful.[56] Thus, the returned letter—and the motion contained therein—on which Mr. Riley has based his claims—was not has sole opportunity to challenge his conviction, which counsels against allowing Mr. Riley's

---

[51] *Id.*

[52] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[53] *See* Docket 1-1 at 5.

[54] Docket 1-1 at 5.

[55] *MGIC Indem. Corp. v. Weissman*, 803 F.2d 500, 504 (9th Cir. 1986) (noting a court may take judicial notice of public records); *see also* Fed. R. Evid. 201.

[56] *See United States v. Riley*, 3-09-cr-00047-TMB-1, Docket 358 (9th Circuit Memorandum Affirming Sentence), Docket 361 (Denial of petition for rehearing en banc), Docket 411 (Order Denying Motion to Vacate), Docket 415 (Order Denying Motion to Alter Judgment under Rule 59(e)), Docket 424 (Order denying Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)), Docket 430 (Motion for Relief from Judgment under Rule 60(b)(1)), Docket 432 (Order Denying Motion for Relief from Judgment).

claims for denial of access to the courts to proceed.[57] In addition, given these numerous, unsuccessful challenges, it is unlikely that the underlying claims that Mr. Riley was unable to advance meet the standard required to bring a claim for denial of access to the courts.

Accordingly, because Mr. Riley has not established a constitutional claim under a *Bivens* action for the denial of access to the courts in violation of his First Amendment rights, this claim must be dismissed with prejudice for failure to state a claim.

*2. Heck v. Humphrey*

Mr. Riley alleges three additional violations of his constitutional rights. Mr. Riley claims that: (1) his Fifth Amendment right to procedural due process was violated; (2) that his Fifth Amendment right to substantive due process was violated; and, (3) that his Eighth Amendment rights were violated because he has suffered "atypical hardship."[58] Mr. Riley alleges that the returned letter caused his motion for a new trial to be denied, thereby preventing his criminal conviction from being overturned.

---

[57] *Ziglar*, 137 S. Ct. 1843, 1858 (holding that "… if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action").

[58] Dkt. 1-1 at 5.

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for the violation of a constitutional right resulting from a criminal conviction, a plaintiff must show that the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…".[59] This principle applies federal convictions and constitutional claims against federal actors (*Bivens* claims).[60] This rule applies "if success in that action would necessarily demonstrate the invalidity of confinement or its duration," regardless of who the target of the suit is, and regardless of whether the prisoner seeks damages or injunctive relief.[61] Mr. Riley's criminal conviction has not been overturned.[62] Accordingly, Mr. Riley's claims are barred under *Heck* because his original criminal conviction has not been overturned.

---

[59] *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

[60] *Martin v. Sias*, 88 F.3d 774, 774 (9th Cir. 1996) (applying the rationale of *Heck*, which was decided based on a claim brought against a state government actor under 42 U.S.C. § 1983, to claims against federal actors under *Bivens*).

[61] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

[62] *See United States v. Riley*, 3-09-cr-00047-TMB-1, Docket 424 (Order denying Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)), Docket 430 (Motion for Relief from Judgment under Rule 60(b)(1)). To the extent that Mr. Riley asserts that his criminal conviction was not overturned *because of* the purported constitutional violations, the Court notes that Mr. Riley has made numerous separate efforts to overturn his conviction, all of which have been unsuccessful. *See supra* at page 12.

Mr. Riley's claims under the Fifth and Eighth Amendment are therefore dismissed with prejudice for failure to state a claim because no cause of action is available to Mr. Riley for the violations he alleges.

### Futility of Amendment

All of Mr. Riley's claims, whether under the FTCA or the U.S. Constitution are barred expressly by either statute or case law. No amendment of the facts would remedy the structural failures of his claims. Therefore, amendment is futile, and leave to amend will not be granted.

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and the futility of amendment.
2. The Clerk of Court is directed to enter a final judgment.

DATED at Anchorage, Alaska, this 10th day of September, 2019.

> */s/ Timothy M. Burgess*
> TIMOTHY M. BURGESS
> UNITED STATES DISTRICT JUDGE